UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TYLER SCOTT MCPHALL,

Plaintiff,

v.

UNKNOWN TUDOR et al.,

Defendants.

_______________________________/

Case No. 1:26-cv-1237

Honorable Sally J. Berens

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint without prejudice for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains occurred at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan.

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

In Plaintiff's complaint, he alleges that on an unspecified date, he "came to segregation on suicide watch due to being in fear of [his] safety from prisoners."[2] (Compl., ECF No. 1, PageID.3.) Plaintiff explained to Defendant Tudor[3] that Plaintiff was in fear of his safety and was told by Defendant Tudor to "request [a] protection form from [Defendant] Counselor Shabaz." (*Id.*) After filling out the form, Defendant Shabaz told Plaintiff that, "he would email [or] notify [Defendant] Inspector Jenson . . . and let [Defendant Jenson] know to come speak with [Plaintiff]." (*Id.*) At some point that same day, Plaintiff "was told to go back [to] general population [and Plaintiff] would be placed in [a] different cell." (*Id.*) However, Plaintiff "was put in [the] same cell on [the] same wing and not even 24 hours later, [Plaintiff] was threatened and back in segregation." (*Id.*) Plaintiff alleges he was back in segregation "due to [a] failure to protect and in fear of [Plaintiff's] life and safety from inmates, and also staff and administration." (*Id.*)

Based on the foregoing allegations, the Court construes Plaintiff's complaint to raise Eighth Amendment failure to protect claims and a Fourteenth Amendment due process claim. Plaintiff seeks injunctive relief and monetary damages. (*Id.*, PageID.4.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the

[2] In this opinion, the Court corrects the punctuation, abbreviations, and spelling in quotations from Plaintiff's filings.

[3] Plaintiff describes Defendant Tudor as Plaintiff's "Physc" in his complaint and in the list of Defendants. (Compl., ECF No. 1, PageID.2, 3.) The Court construes this description to indicate that Defendant Tudor is a psychiatrist or mental health worker at LRF.

elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Eighth Amendment Failure to Protect Claims against Defendants Tudor, Shabaz, and Jenson

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468

U.S. 517, 526–27 (1984). In particular, because officials have "stripped [prisoners] of virtually every means of self-protection[,]" "officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833. A prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim; however, he must at least show that he reasonably fears such an attack. *Thompson v. Cnty. of Medina*, 29 F.3d 238, 242–43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety").

For a prisoner to state an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 834); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993). This standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*; *see also Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011).

Here, Plaintiff alleges that on an unspecified date, he told Defendant Tudor that Plaintiff was in fear of his safety from other prisoners. (Compl., ECF No. 1, PageID.3.) Plaintiff then filled

out a form requesting protection from Defendant Shabaz, who told Plaintiff that Defendant Jenson, an Inspector, would be notified and would speak with Plaintiff. (*Id.*) These events occurred while Plaintiff was on suicide watch in segregation, and Plaintiff was told by an unidentified individual that he would be placed in a different cell in general population. (*Id.*) When Plaintiff was returned to general population, he was placed in his same cell and within 24 hours, Plaintiff was "threatened and [placed] back in segregation." (*Id.*)

For the reasons explained below, Plaintiff's complaint fails to state a failure to protect claim against Defendants Tudor, Shabaz, and Jenson. Plaintiff summarily claims that Defendants' above-described actions were a "failure to protect and [Plaintiff was] in fear of [his] life and safety from inmates, and also staff and administration." (*Id.*) However, Plaintiff provides no facts to indicate that his fear for personal safety was reasonable. For example, Plaintiff fails to allege any facts that indicate he was threatened or attacked by other prisoners, and fails to provide relevant facts such as the date, time, place, or nature of any potential threats or attacks. (*See id.*) Without any facts describing the basis of Plaintiff's fear, the allegations in the complaint fail to indicate whether Plaintiff had a reasonable fear of an attack by other prisoners. *See Thompson*, 29 F.3d at 242–43. Even assuming, without deciding, that Plaintiff's allegations regarding his fear of safety sufficiently plead the objective component of his failure to protect claim, as explained below, he fails to allege that Defendants Tudor, Shabaz, and Jenson disregarded any risk of harm to Plaintiff.

Plaintiff's conclusory allegations that Defendants' actions constitute a failure to protect, without additional supporting facts showing how they were personally involved or deliberately indifferent, are insufficient to state a claim. Specifically, in his complaint, Plaintiff alleges that he spoke to Defendant Tudor about his concerns for safety and received a protection form from Defendant Shabaz. (*See* Compl., ECF No. 1, PageID.3.) However, Plaintiff does not allege that he

had any direct interactions with Defendant Jenson. (*Id.*) Although Plaintiff alleges that he was supposed to go to a different cell in general population but was returned to his same cell, he does not indicate that any of the named Defendants were involved in these actions. (*Id.*)

"[P]risons are inherently dangerous places." *Brown v. Budz*, 398 F.3d 904, 909, 913 (7th Cir. 2005). For this reason, the subjective component of a failure to protect claim requires a plaintiff to plead sufficiently that a prison official knew of and disregarded an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837. Here, Plaintiff fails to plead any facts to show that Defendants Tudor, Shabaz, or Jenson knew of a reasonable risk of harm to Plaintiff and consciously disregarded that risk. Indeed, Plaintiff's allegations against Defendants Tudor and Shabaz indicate that they responded reasonably to Plaintiff's fear of safety: Defendant Tudor told Plaintiff to request a protection form, and Defendant Shabaz provided Plaintiff with a protection request form. (*See* Compl., ECF No. 1, PageID.3.) There are no factual details regarding what Plaintiff told Defendant Tudor about his fears of safety, nor are there any allegations regarding what Plaintiff wrote in his protection request form. (*See id.*) And Plaintiff does not allege that he had any direct interactions with Defendant Jenson regarding his request for protection. (*Id.*) Without any facts about why Plaintiff sought to be placed in protection and what was communicated to Defendants, Plaintiff necessarily fails to show that Defendants Tudor, Shabaz, or Jenson knew of a substantial risk of harm to him, let alone that they knew of such a risk and disregarded it.

Accordingly, for all of the reasons set forth above, Plaintiff's Eighth Amendment failure to protect claims will be dismissed for failure to state a claim.

### B. Fourteenth Amendment Due Process Claim against Defendant Jenson

Plaintiff alleges that Defendant Shabaz told Plaintiff that Defendant Jenson, an Inspector, would "come speak with [Plaintiff]." (Compl., ECF No. 1, PageID.3.) Plaintiff does not indicate

that he spoke to Defendant Jenson or that Defendant Jenson conducted an investigation, but Plaintiff describes Defendant Jenson as an "Inspector." (*See id*., PageID.2, 3.) Based on these allegations, the Court generously construes Plaintiff's allegations regarding Defendant Jenson as a claim that his due process rights were violated by Defendant Jenson.

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To state a Fourteenth Amendment procedural due process claim, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient . . . ." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

Here, Plaintiff fails to allege a protected liberty or property interest dependent upon Defendant Jenson speaking to Plaintiff or completing an investigation. Plaintiff further fails to allege that Defendant Jenson was personally involved in an investigation or the decision to send Plaintiff back to his cell, let alone that Plaintiff was denied any process associated with a protected liberty or property interest. *Thompson*, 490 U.S. at 460. Plaintiff's vague suggestion that Defendant Jenson failed to perform a job duty fails to raise a cognizable federal claim.

Accordingly, Plaintiff's Fourteenth Amendment claims will be dismissed for failure to state a claim.

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an

appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated: October 13, 2026

/s/ Sally J. Berens
SALLY J. BERENS
United States Magistrate Judge